Official Form 1 (4/07)

| United States Bankruptcy Court<br>Northern District of Georgia | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**McDougald, Robert Lamard** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>**xxx-xx-7813** | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**206 Meadowlark Place**<br>**Austell, GA**<br>ZIP Code **30168** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Douglas** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

☐ Full Filing Fee attached
■ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1000-<br>5,000 | 5001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 100,001-<br>100,000 | OVER<br>100,000 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to<br>$10,000 | ☐ $10,001 to<br>$100,000 | ■ $100,001 to<br>$1 million | ☐ $1,000,001 to<br>$100 million | ☐ More than<br>$100 million |
| --- | --- | --- | --- | --- |

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ■ $100,001 to<br>$1 million | ☐ $1,000,001 to<br>$100 million | ☐ More than<br>$100 million |
| --- | --- | --- | --- | --- |

Official Form 1 (4/07)                                                                                                                                    **FORM B1**, Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **McDougald, Robert Lamard** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐  Exhibit A is attached and made a part of this petition. | **X   /s/ Tony Sandberg                            September  1, 2007**<br>Signature of Attorney for Debtor(s)                        (Date)<br>**Tony Sandberg 625210** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐  Yes, and Exhibit C is attached and made a part of this petition. |
| ■  No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ■  Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| _____<br>                     (Name of landlord that obtained judgment) |
| _____<br>                     (Address of landlord) |
| ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

Official Form 1 (4/07)

FORM B1, Page 3

# Voluntary Petition

Name of Debtor(s):
**McDougald, Robert Lamard**

*(This page must be completed and filed in every case)*

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Robert Lamard McDougald**
Signature of Debtor **Robert Lamard McDougald**

**X**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**September  1, 2007**
Date

### Signature of Attorney

**X** **/s/ Tony Sandberg**
Signature of Attorney for Debtor(s)

**Tony Sandberg 625210**
Printed Name of Attorney for Debtor(s)

**The Sandberg Law Firm**
Firm Name

**229 Peachtree Street
International Tower, Suite 705
Atlanta, GA 30303**

Address

**Email: thesandberglawfirm@yahoo.com
404-827-9799  Fax: 404-827-9670**
Telephone Number

**September  1, 2007**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X**
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
### Northern District of Georgia

In re **Robert Lamard McDougald**                                     Case No. _____

_____        Chapter    **13**    _____
Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* ____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

**Official Form 1, Exh. D (10/06) - Cont.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Robert Lamard McDougald**
                        **Robert Lamard McDougald**

Date:    **September  1, 2007**

Official Form 7
(04/07)

# United States Bankruptcy Court
## Northern District of Georgia

In re  **Robert Lamard McDougald**                                    Case No.

                                         Debtor(s)           Chapter     **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$16,000.00** | **2007** |
| **$33,519.00** | **2006** |
| **$22,000.00** | **2005** |
| **$3,000.00** | **2007 W** |
| **$6,000.00** | **2006 W** |
| **$14,000.00** | **2005 W** |

2

**2. Income other than from employment or operation of business**

None ■    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                     SOURCE

**3. Payments to creditors**

None ■    *Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■    b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■    c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None ■    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

3

**5. Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Herbert Heitman 1000 Iris Conyers, GA 30094** | **4/1/07** | **275 filing fee 50 credit counseling** |

4

**10.  Other transfers**

None
■

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11.  Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12.  Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13.  Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

5

**15.  Prior address of debtor**

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **55 Colony Square Ct Apt 15 Newpot News Va 23602** | | **9/04 to 9/05** |

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

**20. Inventories**

None ☐    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| | | DOLLAR AMOUNT OF INVENTORY |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

None ☐    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY |
| DATE OF INVENTORY | RECORDS |

**21 . Current Partners, Officers, Directors and Shareholders**

None ☐    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| | | NATURE AND PERCENTAGE |
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

**22 . Former partners, officers, directors and shareholders**

None ☐    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |

None ☐    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS | | AMOUNT OF MONEY |
| OF RECIPIENT, | DATE AND PURPOSE | OR DESCRIPTION AND |
| RELATIONSHIP TO DEBTOR | OF WITHDRAWAL | VALUE OF PROPERTY |

**24. Tax Consolidation Group.**

None ☐    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |

**25. Pension Funds.**

None ☐    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |

8

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **September  1, 2007**                          Signature    **/s/ Robert Lamard McDougald**

                                                                    **Robert Lamard McDougald**
                                                                    Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Form B6A
(10/05)

In re    **Robert Lamard McDougald**                    ,    Case No. _____

                                  Debtor

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **206 Meadowlark Pl Austell Ga 30168** | **Fee simple** | - | **135,000.00** | **127,378.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **135,000.00** | (Total of this page) |
| Total > | **135,000.00** |  |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6B
(10/05)

In re    **Robert Lamard McDougald**                                    ,    Case No. _____
                                                Debtor

# SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
In providing the information requested in this schedule, do not include the name or address of a minor child.  Simply state "a minor child."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **cash** | - | 5.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Langley Federal CU  checking 10** | - | 10.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **HHG** | - | 1,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **clothing** | - | 200.00 |
| 7.  Furs and jewelry. | | **misc jewelry** | - | 50.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          1,265.00
(Total of this page)

___2___  continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6B
(10/05)

In re __**Robert Lamard McDougald**_____,    Case No. _____
                                            Debtor

# SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >     **0.00**
(Total of this page)

Sheet ___**1**___ of ___**2**___ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6B
(10/05)

In re  **Robert Lamard McDougald**                          ,  Case No. _____
                                    Debtor

# SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2002 Buick** | - | 5,800.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 5,800.00 |
| (Total of this page) | |
| Total > | 7,065.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

Form B6C
(4/07)

In re  **Robert Lamard McDougald**                                    Case No. _____
                                              ,
                              Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $136,875.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Real Property**<br>**206 Meadowlark Pl Austell Ga 30168** | **Va. Code Ann. § 34-4** | **3,735.00** | **135,000.00** |
| **Cash on Hand**<br>**cash** | **Va. Code Ann. § 34-4** | **5.00** | **5.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit**<br>**Langley Federal CU  checking 10** | **Va. Code Ann. § 34-4** | **10.00** | **10.00** |
| **Household Goods and Furnishings**<br>**HHG** | **Va. Code Ann. § 34-4** | **1,000.00** | **1,000.00** |
| **Wearing Apparel**<br>**clothing** | **Va. Code Ann. § 34-4** | **200.00** | **200.00** |
| **Furs and Jewelry**<br>**misc jewelry** | **Va. Code Ann. § 34-4** | **50.00** | **50.00** |

| | Total: | **5,000.00** | **136,265.00** |
|---|---|---:|---:|

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Official Form 6D (10/06)

In re **Robert Lamard McDougald** _____, Case No. _____

Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | | |
| Account No. | | | | 12/03 | | | | | |
| C&F Finance PO Box 38456 Richmond, VA 23231 | | | | Title Lien 2002 Buick Century | | | | | |
| | | | | Value $               5,800.00 | | | | 6,521.00 | 721.00 |
| Account No. | | | | 206 Meadowlark Pl Austell Ga 30168 | | | | | |
| Douglas County Tax Commissione Attn: Bankruptcy 8700 Hospital Drive, Main FL Douglasville, GA 30134 | | | - | | | | | | |
| | | | | Value $           135,000.00 | | | | 1,255.00 | 0.00 |
| Account No. | | | | Purchase Money Security | | | | | |
| Grand Furniture 1305 Baker Rd Virginia Beach, VA 23455-3317 | | | - | Furniture | | | | | |
| | | | | Value $                   0.00 | | | | 1,300.00 | 1,300.00 |
| Account No. 7440629673 | | | | Opened 11/04/05  Last Active  6/14/07 | | | | | |
| Home Comings Financial 2711 N Haskell Ave. Sw 1 Dallas, TX 75204 | | | | First Mortgage 206 Meadowlark Pl Austell Ga 30168 | | | | | |
| | | | | Value $           135,000.00 | | | | 100,444.00 | 0.00 |
| __1__ continuation sheets attached | | | | Subtotal (Total of this page) | | | | 109,520.00 | 2,021.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                      Best Case Bankruptcy

Official Form 6D (10/06) - Cont.

In re  **Robert Lamard McDougald** _____,    Case No. _____
                                              Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **7440811651** <br><br> **Home Comings Financial** <br> **2711 N Haskell Ave. Sw 1** <br> **Dallas, TX 75204** | | - | **Opened 11/04/05  Last Active  6/09/07** <br><br> **Second Mortgage** <br><br> **206 Meadowlark Pl Austell Ga 30168** <br><br> Value $                **135,000.00** | | | | **24,808.00** | **0.00** |
| Account No. <br><br> **Regency Station HOA** <br> **c/o Community One Ass** <br> **1102 Abbey Ct** <br> **Alpharetta, GA 30004** | | - | **HOA** <br><br> **206 Meadowlark Pl Austell Ga 30168** <br><br> Value $                **135,000.00** | | | | **871.00** | **0.00** |
| Account No. | | | <br><br><br> Value $ | | | | | |
| Account No. | | | <br><br><br> Value $ | | | | | |
| Account No. | | | <br><br><br> Value $ | | | | | |

| | | |
|---|---|---|
| Sheet __1__ of __1__ continuation sheets attached to Schedule of Creditors Holding Secured Claims | Subtotal <br> (Total of this page) | **25,679.00** | **0.00** |
| | Total <br> (Report on Summary of Schedules) | **135,199.00** | **2,021.00** |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

Official Form 6E (4/07)

In re    **Robert Lamard McDougald** _____ ,   Case No. _____

Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trust or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____1_____ continuation sheets attached

Official Form 6E (4/07) - Cont.

In re    **Robert Lamard McDougald**                                                 ,    Case No. _____
                                    Debtor

## SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | notice only | | | | | | |
| **Georgia Dept. of Revenue P.O. Box 38143 Atlanta, GA 30334** | | - | | | | | | 0.00 | |
| | | | | | | | 0.00 | 0.00 | |
| Account No. | | | notice only | | | | | | |
| **Internal Revenue Service Bankruptcy Unit 11 Box 995, Stop 335-D Atlanta, GA 30370** | | - | | | | | | 0.00 | |
| | | | | | | | 0.00 | 0.00 | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet **1** of **1** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal | 0.00 | |
| (Total of this page) | 0.00 | 0.00 |
| Total | 0.00 | |
| (Report on Summary of Schedules) | 0.00 | 0.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                 Best Case Bankruptcy

Official Form 6F (10/06)

In re **Robert Lamard McDougald** _____,   Case No. _____

Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **A17347162**<br><br>**Absolute Collect Svc**<br>**421 Fayetteville St Mall**<br>**Raleigh, NC 27601** | - | | **Opened  3/24/03**<br>**Collection Riverside Health System - Regi** | | | | **70.00** |
| Account No.<br><br>**City of Newport News**<br>**2400 Washington Ave**<br>**Newport News, VA 23607** | - | | **acct** | | | | **493.00** |
| Account No. **2053002738**<br><br>**Credit Control Corp**<br>**11821 Rock Landing Dr**<br>**Newport News, VA 23606** | - | | **Opened 10/27/05**<br>**Collection Sentara Careplex Hospital** | | | | **167.00** |
| Account No. **2830793061**<br><br>**Credit Control Corp**<br>**11821 Rock Landing Dr**<br>**Newport News, VA 23606** | - | | **Opened  3/20/03**<br>**Collection Va. Peninsula Emergency Physic** | | | | **126.00** |
| ___2___ continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | **856.00** |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Official Form 6F (10/06) - Cont.

In re    **Robert Lamard McDougald**                                    ,    Case No. _____

                                    Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **2830793012** **Credit Control Corp** **11821 Rock Landing Dr** **Newport News, VA 23606** | - | | **Opened 3/20/03** **Collection Va. Peninsula Emergency Physic** | | | | 87.00 |
| Account No. **5705041** **Credit Management Cont** **2707 Rapids Dr** **Racine, WI 53404** | - | | **Opened 6/25/07** **Collection T-Mobile** | | | | 359.00 |
| Account No. **11070360000189917** **Equidata** **724 Thimble Shoals Blvd** **Newport News, VA 23606** | - | | **Opened 3/23/04** **Collection Peninsula Emergency Phys** | | | | 141.00 |
| Account No. **5489555118785924** **Hsbc Nv** **Po Box 19360** **Portland, OR 97280** | - | | **Opened 2/20/07** **CreditCard** | | | | 79.00 |
| Account No. **988379463510001** **Sallie Mae Servicing** **1002 Arthur Dr** **Lynn Haven, FL 32444** | - | | **Opened 5/04/06** **Educational** | | | | 1,571.00 |

Sheet no. __1__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    **2,237.00**

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re **Robert Lamard McDougald** _____,    Case No. _____

_____ Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **1323807** **Sentara Collections** **535 Independence Pkwy St** **Chesapeake, VA 23320** | - | | **Opened 11/22/04** **Collection Sentara Careplex Hospital** | | | | **50.00** |
| Account No. **Sprint Nextel Corp** **P.O Box 172408** **Denver, CO 80217** | - | | phone | | | | **323.00** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

| Sheet no. __2__ of __2__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | **373.00** |
|---|---|---|
| | Total (Report on Summary of Schedules) | **3,466.00** |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

Form B6G
(10/05)

In re  **Robert Lamard McDougald**                          , Case No. _____
                                    Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112;  Fed.R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

___**0**___ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6H
(10/05)

In re   **Robert Lamard McDougald**                                    ,      Case No. _____
                                      Debtor

# SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**0**  continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                                    Best Case Bankruptcy

Official Form 6I (10/06)

In re __Robert Lamard McDougald_____    Case No. _____
Debtor(s)

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Son**<br>**Son**<br>**Daughter** | AGE(S):<br>**10**<br>**5**<br>**7** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Loader** | **Temp Worker** |
| Name of Employer | **Burris Logistics** | **Kelly Service** |
| How long employed | **since 10/05** | **since 6/07** |
| Address of Employer | **501 S E 5th St**<br>**Milford, DE 19963** | **351Thornton Rd**<br>**Lithia Springs, GA** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **1,906.00** | $ | **1,386.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| | | | | |
| 3. SUBTOTAL | $ | **1,906.00** | $ | **1,386.00** |
| | | | | |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **0.00** | $ | **234.00** |
|    b. Insurance | $ | **220.00** | $ | **0.00** |
|    c. Union dues | $ | **0.00** | $ | **0.00** |
|    d. Other (Specify):  **child support** | $ | **221.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| | | | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **441.00** | $ | **234.00** |
| | | | | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **1,465.00** | $ | **1,152.00** |
| | | | | |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance | | | | |
| (Specify): _____ | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income | | | | |
| (Specify): _____ | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| | | | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ | **0.00** |
| | | | | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **1,465.00** | $ | **1,152.00** |
| | | | | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $ | **2,617.00** | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Official Form 6J (10/06)

In re  __Robert Lamard McDougald_____    Case No. _____
                                    Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 748.00 |
| a. Are real estate taxes included? | Yes __X__    No ___ | | |
| b. Is property insurance included? | Yes __X__    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | | $ | 112.00 |
| b. Water and sewer | | $ | 44.00 |
| c. Telephone | | $ | 84.00 |
| d. Other  **See Detailed Expense Attachment** | | $ | 177.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 50.00 |
| 4. Food | | $ | 405.00 |
| 5. Clothing | | $ | 80.00 |
| 6. Laundry and dry cleaning | | $ | 30.00 |
| 7. Medical and dental expenses | | $ | 30.00 |
| 8. Transportation (not including car payments) | | $ | 150.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 0.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 0.00 |
| b. Life | | $ | 0.00 |
| c. Health | | $ | 0.00 |
| d. Auto | | $ | 179.00 |
| e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 0.00 |
| b. Other | | $ | 0.00 |
| c. Other | | $ | 0.00 |
| d. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other | | $ | 0.00 |
| Other | | $ | 0.00 |

| | | |
|---|---|---|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 2,089.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---|
| a.    Average monthly income from Line 15 of Schedule I | $ | 2,617.00 |
| b.    Average monthly expenses from Line 18 above | $ | 2,089.00 |
| c.    Monthly net income (a. minus b.) | $ | 528.00 |

**Official Form 6J (10/06)**

In re **Robert Lamard McDougald**                                             Case No. _____
_____
Debtor(s)

## SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| cell | $ | 82.00 |
| cable | $ | 52.00 |
| trash | $ | 15.00 |
| alarm | $ | 28.00 |
| **Total Other Utility Expenditures** | $ | **177.00** |

Form 6-Summary (10/06)

# United States Bankruptcy Court
## Northern District of Georgia

In re   **Robert Lamard McDougald**                                        ,   Case No. _____
                                    Debtor

                                                        Chapter_____**13**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 135,000.00 | | |
| B - Personal Property | Yes | 3 | 7,065.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 135,199.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 3,466.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 2,617.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 2,089.00 |
| Total Number of Sheets of ALL Schedules | | 17 | | | |
| Total Assets | | | 142,065.00 | | |
| Total Liabilities | | | | 138,665.00 | |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Official Form 6 - Statistical Summary (10/06)

# United States Bankruptcy Court
### Northern District of Georgia

In re    **Robert Lamard McDougald**                                ,    Case No. _____

                                                    Debtor

                                                                Chapter _____**13**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | 0.00 |
| Student Loan Obligations (from Schedule F) | 1,571.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 1,571.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,617.00 |
| Average Expenses (from Schedule J, Line 18) | 2,089.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 1,906.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 2,021.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 3,466.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 5,487.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

Official Form 6-Declaration. (10/06)

# United States Bankruptcy Court
## Northern District of Georgia

In re    **Robert Lamard McDougald**                                            Case No. _____

_____
                              Debtor(s)          Chapter    **13**    _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
____**19**____ sheets *[total shown on summary page plus 2]*, and that they are true and correct to the best of my
knowledge, information, and belief.

Date  **September  1, 2007**_____          Signature    **/s/ Robert Lamard McDougald**_____

                                                          **Robert Lamard McDougald**
                                                          Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

Absolute Collect Svc
421 Fayetteville St Mall
Raleigh, NC 27601


C&F Finance
PO Box 38456
Richmond, VA 23231


City of Newport News
2400 Washington Ave
Newport News, VA 23607


Credit Control Corp
11821 Rock Landing Dr
Newport News, VA 23606


Credit Management Cont
2707 Rapids Dr
Racine, WI 53404


Douglas County Tax Commissione
Attn: Bankruptcy
8700 Hospital Drive, Main FL
Douglasville, GA 30134


Equidata
724 Thimble Shoals Blvd
Newport News, VA 23606


Georgia Dept. of Revenue
P.O. Box 38143
Atlanta, GA 30334


Grand Furniture
1305 Baker Rd
Virginia Beach, VA 23455-3317

Home Comings Financial
2711 N Haskell Ave. Sw 1
Dallas, TX 75204


Hsbc Nv
Po Box 19360
Portland, OR 97280


Internal Revenue Service
Bankruptcy Unit 11
Box 995, Stop 335-D
Atlanta, GA 30370


Regency Station HOA
c/o Community One Ass
1102 Abbey Ct
Alpharetta, GA 30004


Sallie Mae Servicing
1002 Arthur Dr
Lynn Haven, FL 32444


Sentara Collections
535 Independence Pkwy St
Chesapeake, VA 23320


Sprint Nextel Corp
P.O Box 172408
Denver, CO 80217

# United States Bankruptcy Court
## Northern District of Georgia

In re    **Robert Lamard McDougald**                                    Case No.

_____
Debtor(s)          Chapter    **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **September  1, 2007**                    **/s/ Robert Lamard McDougald**

**Robert Lamard McDougald**
Signature of Debtor

# United States Bankruptcy Court
## Northern District of Georgia

In re   **Robert Lamard McDougald** _____   Case No. _____

Debtor(s)                    Chapter   **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept .......................................................   $   **4,000.00**

Prior to the filing of this statement I have received ........................................   $   **0.00**

Balance Due .....................................................................................................   $   **4,000.00**

2. $ **75.00**   of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]
      **Pursuant to General Order No. 9, the Statement of Rights and Responsibilities was discussed with the Debtor(s).**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. Pursuant to General Order No. 9, I certify that I provided to the debtor(s) a copy of the "Rights and Responsibilities Statement Between Chapter 1 3 Debtors and Their Attorneys."

Dated:   **September  1, 2007** _____       **/s/ Tony Sandberg** _____
                                                                **Tony Sandberg 625210**
                                                                **The Sandberg Law Firm**
                                                                **229 Peachtree Street**
                                                                **International Tower, Suite 705**
                                                                **Atlanta, GA 30303**
                                                                **404-827-9799  Fax: 404-827-9670**
                                                                **thesandberglawfirm@yahoo.com**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

## RIGHTS AND RESPONSIBILITIES STATEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

Chapter 13 of the Bankruptcy Code gives each debtor ("Debtor") important rights, such as the right to keep property that could otherwise be lost through repossession, foreclosure or liquidation by a Chapter 7 Trustee.  Chapter 13 also places burdens on Debtors, however, such as the burden of making complete and truthful disclosures of their financial situation and prompt payments as required by the Plan.  It is important for Debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities to the court, the Chapter 13 Trustee and to creditors.  Debtors are entitled to expect certain services to be performed by their attorneys, but Debtors also have responsibilities to their attorneys.  To assure that Debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Georgia have approved this statement of rights and responsibilities of Debtors and their attorneys in Chapter 13 cases that include, but are not limited to the following, as each case's facts may require more of both Debtor and Debtor's attorney.

**BEFORE THE CASE IS FILED**

EACH DEBTOR SHALL:

1.  Discuss with the attorney the Debtor's objectives in filing the case.

2.  Timely provide the attorney with full and accurate financial and other information, including, but not limited to:

    (a)    Copies of pay stubs or other evidence of payment received before the date of filing of the petition, as requested by the attorney;

    (b)    Copies of all Federal income tax returns (or transcript of the returns) as requested by the attorney.

3.  Inform the attorney of any and all prior bankruptcy cases Debtor has filed.

4.  Provide copies of all bills, notices, statements or communications from creditors, as requested by attorney.

THE ATTORNEY SHALL:

1.  Personally counsel Debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss with Debtor the procedures in both Chapters, as well as non-bankruptcy options, and answer the Debtor's questions.

2.  Personally explain to the Debtor the requirement of obtaining a certificate from an approved nonprofit budget and credit counseling agency.

3.  Personally explain to Debtor that the attorney is being engaged to represent Debtor on all matters arising in the case, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

4.  Personally review with Debtor and obtain Debtor's signature on the completed petition, plan, as well as the Statement of Financial Affairs, Income and Expenses, and other statements as well as the various schedules (the "Schedules"), and all amendments thereto, whether filed with the petition or later.  The Schedules may be prepared initially with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing by Debtor.

5.  Timely prepare and file Debtor's petition, plan, Schedules, statement of monthly net income, and any other required pleading.

6.  Explain to Debtor how, when and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 Trustee, with particular attention to

housing, vehicle, and domestic support obligation payments.

7. Advise Debtor of the need to maintain appropriate insurance especially for house and vehicle.

8. Inform Debtor of the need to potentially provide attorney with copies of each Federal income tax return (or transcript of the return) for each tax year ending while the Debtor is in the case.

## AFTER THE CASE IS FILED

EACH DEBTOR SHALL:

1. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income, a photo identification card, and proof of Social Security number. Acceptable forms of proof of identification are: driver's license; government ID; state picture ID; student ID; U.S. passport; military ID; resident alien card. Acceptable forms of proof of Social Security number are: Social Security Card; medical insurance card; pay stub; W-2 form; IRS form 1099; Social Security Administration Report.  Debtor must be present both in time for check-in and when the case is called for the actual examination.

2. Make the required payments to Trustee and to such creditors as are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

3. Promptly provide attorney, upon their request, evidence of all payments made directly to creditors and Trustee, including amount and date of payment.

4. Notify the attorney immediately of any change in Debtor's address or telephone number.

5. Inform the attorney of any wage garnishments, liens or levies on assets that occur or continue after the filing of the case.

6. Contact the attorney immediately if Debtor loses employment, is "laid off" or furloughed from work or has any significant change in income; experiences any other significant change in financial situation, including serious illness, personal injury, lottery winnings, or an inheritance.

7. Notify the attorney immediately if Debtor is sued or wishes to file a lawsuit, including divorce, matters regarding personal or property injury (including any worker's compensation matters), and any other matter in which Debtor is involved in a lawsuit or legal action outside this court.

8. Inform the attorney immediately if any tax refunds to which Debtor is entitled are seized or not received when due from the IRS or Georgia Department of Revenue.

9. Contact the attorney before buying, refinancing, or contracting to sell real property, and before entering into any loan agreement.

10. Complete an instructional course concerning personal financial management prior to receiving a discharge.

THE ATTORNEY SHALL:

1. Advise Debtor of the requirement to attend the meeting of creditors, and notify or remind Debtor of the date, time, and place of the meeting, in such detail as is helpful or necessary to Debtor's appearance.

2. Inform Debtor that Debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide competent legal representation for Debtor at the meeting of creditors, appear in time for check-in and the actual examination and, unless excused by Trustee, for the confirmation hearing.

4. If an attorney not employed by Debtor's attorney's law firm (a "contract" attorney) will be attending Debtor's 341 meeting or any court hearing, personally explain to Debtor in advance the role and identity of the contract

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

attorney, obtain Debtor's written permission for the contract attorney to represent Debtor and provide the contract attorney with the file in sufficient time to review and discuss it with Debtor prior to such representation.

5. Make all reasonable efforts for the individual attorney who met with Debtor to attend the § 341 meeting or any other court hearing. However, if that attorney is unavailable then an attorney will be present on behalf of the Debtor with knowledge of the Debtor's case and authority to make any modifications to Debtor's plan deemed necessary.

6. Timely submit to Trustee properly documented proof of income for each Debtor, including business reports for self-employed debtors, and all required pay advises and tax returns or transcripts.

7. Timely respond to objections to plan confirmation, and where necessary, prepare, file and serve amended Schedules or an amended plan.

8. Timely prepare, file, and serve any necessary annual financial statements, amended statements and Schedules, and any change of address, in accordance with information provided by each Debtor.

9. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness.  Contact promptly Trustee or Debtor regarding any discrepancies.

10. Promptly respond to Debtor's questions through the term of the plan.

11. Timely prepare, file and serve necessary modifications to the plan after confirmation, including modifications to suspend, lower, or increase plan payments.

12. Prepare, file and serve necessary motions to buy or sell property and to incur debt.

13. On or before 60 days after the general bar date, certify the attorney has reviewed claims with Debtor, prepared, filed and served objections to improper or invalid claims and filed claims within 30 days after the bar date for creditors who fail to file claims when such failure will adversely affect Debtor's case or its successful completion and discharge or such failure will adversely affect Debtor after case completion and discharge.

14. Timely confer with Debtor and respond to any motion to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase percentage payment to unsecured creditors.

15. Timely confer with Debtor and respond to motions for relief from stay.

16. Timely prepare, file, and serve appropriate motions to avoid liens.

17. Provide any other legal services necessary for the administration of the case.

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                                         Best Case Bankruptcy

B 201 (04/09/06)

UNITED STATES BANKRUPTCY COURT
**NORTHERN DISTRICT OF GEORGIA**

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)**
1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**
1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.
3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

B 201 (04/09/06)

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of Attorney**

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| Tony Sandberg 625210 | X /s/ Tony Sandberg | September  1, 2007 |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:
**229 Peachtree Street**
**International Tower, Suite 705**
**Atlanta, GA 30303**
**404-827-9799**

**Certificate of Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Robert Lamard McDougald | X /s/ Robert Lamard McDougald | September  1, 2007 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

| Case No. (if known) | X | |
|---|---|---|
| | Signature of Joint Debtor (if any) | Date |

Form 22C (Chapter 13) (04/07)

| | |
|---|---|
| In re **Robert Lamard McDougald** | According to the calculations required by this statement: |
| Debtor(s) | ■ The applicable commitment period is 3 years. |
| Case Number: _____ | ☐ The applicable commitment period is 5 years. |
| (If known) | ☐ Disposable income is determined under § 1325(b)(3). |
| | ■ Disposable income is not determined under § 1325(b)(3). |
| | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

## Part I. REPORT OF INCOME

| | | | |
|---|---|---|---|
| 1 | Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed. a. ☐ Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10. b. ■ Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
| 2 | Gross wages, salary, tips, bonuses, overtime, commissions. | $ **1,906.00** | $ **1,386.00** |
| 3 | Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part IV. | | |
| | <table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>c.</td><td>Business income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | $ **0.00** | $ **0.00** |
| 4 | Rents and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part IV. | | |
| | <table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>c.</td><td>Rent and other real property income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | $ **0.00** | $ **0.00** |
| 5 | Interest, dividends, and royalties. | $ **0.00** | $ **0.00** |
| 6 | Pension and retirement income. | $ **0.00** | $ **0.00** |
| 7 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support. Do not include amounts paid by the debtor's spouse. | $ **0.00** | $ **0.00** |
| 8 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ 0.00   Spouse $ 0.00 | $ **0.00** | $ **0.00** |
| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. <table><tr><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>$</td><td>$</td></tr><tr><td>b.</td><td>$</td><td>$</td></tr></table> | $ **0.00** | $ **0.00** |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ **1,906.00** | $ **1,386.00** |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ **3,292.00** | |

Form 22C (Chapter 13) (04/07) - Cont.                                                                          2

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11 | $ | **3,292.00** |
|---|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents.  Otherwise, enter zero. | $ | **0.00** |
| 14 | Subtract Line 13 from Line 12 and enter the result. | $ | **3,292.00** |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ | **39,504.00** |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence:  **GA**  b. Enter debtor's household size:  **5** | $ | **73,408.00** |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br><br> ■ The amount on Line 15 is less than the amount on Line 16.  Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br><br> ☐ The amount on Line 15 is not less than the amount on Line 16.  Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $ | **3,292.00** |
|---|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents.  If you are unmarried or married and filing jointly with your spouse, enter zero. | $ | **1,386.00** |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ | **1,906.00** |
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **22,872.00** |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **73,408.00** |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed. <br><br> ☐ The amount on Line 21 is more than the amount on Line 22.  Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement. <br><br> ■ The amount on Line 21 is not more than the amount on Line 22.  Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement.  Do not complete Parts IV, V, or VI. | | |

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | |
|---|---|---|---|
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter amount of the IRS Housing and Utilities Standards: non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ | |

Form 22C (Chapter 13) (04/07) - Cont.                                                                                                                3

| 25B | Local Standards: housing and utilities; mortgage/rent expense. Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court): enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. Do not enter an amount less than zero. | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards: mortgage/rent Expense | $ |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 26 | Local Standards: housing and utilities; adjustment. If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____ | $ |
|---|---|---|

| 27 | Local Standards: transportation; vehicle operation/public transportation expense.<br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.<br><br>☐ 0   ☐ 1   ☐ 2 or more.<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 28 | Local Standards: transportation ownership/lease expense; Vehicle 1. Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court): enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. Do not enter an amount less than zero. | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, First Car | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 29 | Local Standards: transportation ownership/lease expense; Vehicle 2. Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court): enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. Do not enter an amount less than zero. | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| 30 | Other Necessary Expenses: taxes. Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | $ |
|---|---|---|

| 31 | Other Necessary Expenses: mandatory payroll deductions. Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. Do not include discretionary amounts, such as non-mandatory 401(k) contributions. | $ |
|---|---|---|

Form 22C (Chapter 13) (04/07) - Cont.                                                                                                    4

| 32 | **Other Necessary Expenses: life insurance.**  Enter average monthly premiums that you actually pay for term life insurance for yourself.  Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | $ |
|---|---|---|
| 33 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.  Do not include payments on past due support obligations included in line 49. | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**  Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.**  Enter the average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool.  Do not include other educational payments. | $ |
| 36 | **Other Necessary Expenses: health care.**  Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account.  Do not include payments for health insurance listed in Line 39. | $ |
| 37 | **Other Necessary Expenses: telecommunication services.**  Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service - such as cell phones, pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents.  Do not include any amount previously deducted. | $ |
| 38 | **Total Expenses Allowed under IRS Standards.**  Enter the total of Lines 24 through 37. | $ |

<table>
<tr><td colspan="3" align="center">Subpart B: Additional Expense Deductions under § 707(b)<br><br>Note: Do not include any expenses that you have listed in Lines 24-37</td></tr>
</table>

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**  List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories.<br><br>a. Health Insurance — $<br>b. Disability Insurance — $<br>c. Health Savings Account — $<br>Total:  Add Lines a, b, and c | $ |
|---|---|---|
| 40 | **Continued contributions to the care of household or family members.**  Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. Do not include payments listed in Line 34. | $ |
| 41 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 42 | **Home energy costs.**  Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | $ |
| 43 | **Education expenses for dependent children less than 18.**  Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | $ |
| 44 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | $ |
| 45 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ |

Form 22C (Chapter 13) (04/07) - Cont.                                                                                         5

| | Subpart C: Deductions for Debt Payment | | |
|---|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | | |

|   | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

| | | | $ |
|---|---|---|---|

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

|   | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

| | | | $ |
|---|---|---|---|

| 49 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $ |
|---|---|---|
| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |

|   |   |   |
|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $ |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| | | $ |
|---|---|---|

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |
|---|---|---|

| | Subpart D: Total Deductions Allowed under § 707(b)(2) | |
|---|---|---|
| 52 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 38, 46, and 51. | $ |

| | Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2) | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, included in Line 7, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |
| 57 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, and 56 and enter the result. | $ |
| 58 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 57 from Line 53 and enter the result. | $ |

Form 22C (Chapter 13) (04/07) - Cont.                                                                                                                                              6

| | Part VI. ADDITIONAL EXPENSE CLAIMS |
|---|---|
| 59 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |

| | | Expense Description | Monthly Amount |
|---|---|---|---|
| | a. | | $ |
| | b. | | $ |
| | c. | | $ |
| | d. | | $ |
| | | Total: Add Lines a, b, c and d | $ |

| | Part VII. VERIFICATION |
|---|---|
| 60 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)* |

Date:  **September  1, 2007**                           Signature:  **/s/ Robert Lamard McDougald**

                                                                                **Robert Lamard McDougald**
                                                                                          (Debtor)